UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FLORENCE OLUSHOLA KALEJAIYE,
Petitioner,

v.

No. 96-1856

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A73-739-510)

Submitted: April 17, 1997

Decided: May 1, 1997

Before NIEMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Randall L. Johnson, JOHNSON & ASSOCIATES, Arlington, Vir-
ginia, for Appellant. Frank W. Hunger, Assistant Attorney General,
Donald E. Keener, Deputy Director, Kristin A. Cabral, Senior Litiga-
tion Counsel, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Florence Kalejaiye petitions for review of a final order of the Board of Immigration Appeals (Board) denying her application for asylum and withholding of deportation. Because substantial evidence supports the Board's decision, we affirm.

Kalejaiye, a native and citizen of Nigeria, entered the United States in March 1992 without inspection by an immigration officer, in violation of 8 U.S.C.A. § 1251(a)(1) (West Supp. 1997). In April 1995, the Immigration and Naturalization Service (INS) issued an order to show cause why she should not be deported. Kalejaiye filed an application for asylum and withholding of deportation. Following a hearing, in which Kalejaiye conceded deportability, the Immigration Judge (IJ) issued a decision denying asylum and withholding of deportation but granting voluntary departure. The Board affirmed after concluding that Kalejaiye had not demonstrated a well-founded fear of persecution. Kalejaiye timely petitions this court for review of the Board's order.

Kalejaiye testified at her hearing before the IJ that since 1976, her father has been a member of the Unity Party of Nigeria (UPN), a political party which supports democracy and opposes the government in power. Her father became chairman of the local UPN chapter in 1989, and still holds that position. She testified that she supported her father's political activities as the local UPN chairman by cooking, party arranging, and arranging for meetings once a month when the UPN meetings were held in her family home. Her father went into hiding for nine months starting in December 1989 because of rumors that UPN leaders would be arrested. He no longer lived with the family but would intermittently visit the family.

A week after her father went into hiding, approximately ten military officers came to Kalejaiye family's home. She claimed that the

2

officers dragged her and her mother around the house, locked them in a room, and damaged their belongings while they were looking for her father. She claims that she required treatment in a hospital. Thereafter, Kalejaiye, her mother, and six siblings went to live with relatives for about three months. When the family returned to their home, the military would come to their home about once a month to inquire about the whereabouts of Kalejaiye's father.

Kalejaiye testified that several of her family members, including her father, mother and youngest sister still live in Nigeria. One of Kalejaiye's two brothers was arrested in 1995, after she left Nigeria. Kalejaiye testified that she did not know why her brother was arrested, but speculated that the military arrested him in hopes of finding her father.

The Immigration and Nationality Act (the Act) authorizes the Attorney General, in her discretion, to confer asylum on any refugee. 8 U.S.C. § 1158(a) (1994). The Act defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (1994); see M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (en banc). The alien must prove that the fear of persecution "stems directly from one of the five categories listed in the Act." Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992). If an applicant establishes past persecution, he is presumed to have a well-founded fear of future persecution rebuttable by evidence establishing a change in conditions in the country such that any fear of future persecution is no longer objectively reasonable. 8 C.F.R. § 208.13(b)(1)(i) (1996).

This court must uphold the Board's decision if it is supported by substantial evidence from the record as a whole. Huaman-Cornelio, 979 F.2d at 999. The reviewing court can reverse the Board only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).

We conclude that substantial evidence supports the Board's ruling. On appeal, Kalejaiye claims that she demonstrated a well-founded

3

fear of persecution based on her membership in a social group, namely her family, and her political opinion. Although Kalejaiye claims that her family has been persecuted for supporting the UPN, she fails to show that it was known to the Nigerian government or the military that anyone other than her father was active in the UPN or its leadership. Most importantly, Kalejaiye has not shown that she, her mother, or her siblings have been targeted for persecution for having provided assistance when her father held UPN meetings in the family home. Also, we do not find that the evidence presented by Kalejaiye about the military searches and questions established persecution. Further, none of the background material offered by Kalejaiye indicates that the Nigerian government has sought and arrested UPN supporters or members.

Kalejaiye also fails to demonstrate persecution based on her political opinion. The military questioned her and searched her family home because they sought the whereabouts of her father. She has not shown that any of the military's actions were based on her political opinion or her support of the UPN. Further, Kalejaiye has not presented any evidence that the Nigerian government or the military imputed her father's political opinion to her or her family. While she was indeed the victim of a military search of her family home, there is no evidence that she was singled out because of her political opinion or because of her family membership. See M.A., 899 F.2d at 315.

As Kalejaiye has failed to meet the less stringent burden of proof for asylum, she cannot meet the higher standard to qualify for withholding of deportation. INS v. Cardoza-Fonseca , 480 U.S. 421, 430-32 (1987). Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

4